■ In the Matter of LEE POKOIK, Appellant, v DEPARTMENT OF HEALTH SERVICES, COUNTY OF SUFFOLK, et al., Respondents. [620 NYS2d 98] —In a hybrid proceeding and action pursuant to CPLR article 78 and for a judgment declaring, inter alia, the legality of a purported waiver of compliance with Public Health Law § 1340 (2) (a) and the legality of Local Laws, 1990, No. 1 of the Village of Ocean Beach, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated January 27, 1993, as denied his motion for partial summary judgment.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court denied the petitioner's motion for partial summary judgment without reaching its merits on the ground that other issues, beyond the scope of the motion, were required to be simultaneously resolved and should have been raised in the motion. While we hold that this was not a proper basis for the denial of the motion by the Supreme Court, we nevertheless conclude that the motion for partial summary

judgment was properly denied because the petitioner failed to establish his entitlement to judgment as a matter of law *(see generally,* CPLR 3212 [b]).

In his motion, the petitioner sought a judgment invalidating the issuance of beach permits by the Department of Health Services, County of Suffolk (hereinafter the County) to the Village of Ocean Beach (hereinafter the Village). The beach permits were issued when the County waived certain statutes and regulations which require the Village to provide toilet facilities for persons using its beaches *(see,* Public Health Law § 1340 [2] [a]; 10 NYCRR 6-2.13 [a]; 6-2.19 [5.1]). These statutes and regulations were previously determined to be applicable to the Village beaches *(see, Matter of Pokoik v Department of Health Servs.,* 138 AD2d 602, *affd* 72 NY2d 708). The petitioner argued that the waiver of these statutes and regulations by the County was based upon an erroneous and illegal interpretation of the waiver provision contained in the State Sanitary Code *(see,* 10 NYCRR 6-2.6 [b]), and, thus, the waiver should be declared void.

The express language of the general waiver provision does not, however, support the restrictive interpretation it has been given by the petitioner, and, thus, the waiver may not be summarily invalidated on the ground that it was beyond the power of the County to issue such a waiver. Rather, it seems incumbent upon the petitioner to either directly attack the propriety of the administrative action taken by the County in granting the waivers or to constitutionally challenge the legality of the waiver provision in 10 NYCRR 6-2.6 (b). However, in the event of the latter, the New York State Health Commissioner would be a necessary party *(see, Aerated Prods. Co. v Godfrey,* 263 App Div 685, 687, *revd on other grounds* 290 NY 92; *see generally,* CPLR 1001 [a]).

Accordingly, the motion could have been denied on the merits. We further note, however, that, upon a search of the record, we find no basis to conclude that the waiver should be declared valid. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.