OPINION OF THE COURT
Alan D. Oshrin, J.
Ordered that the petitioner’s CPLR 3212 motion for partial summary judgment declaring the waiver of the bathing beach toilet facilities requirement issued by the County of Suffolk to the Village of Ocean Beach invalid is granted; and it is further ordered that the action as against the Commissioner of Health of the State of New York, the Public Health Council of the State of New York and the Attorney-General of the State of New York is dismissed; and it is further ordered that the Village of Ocean Beach’s CPLR 3212 cross motion for summary judgment dismissing the complaint is determined as provided herein; and it is further ordered that the court having determined that the waiver of the bathing beach toilet facilities requirement is invalid, counsel shall present their positions as supported by memoranda of law as to the issue of the validity of the Village of Ocean Beach’s March 31, 1990 "residents only” beach resolution within 30 days of the date of this order.
This proceeding, commenced in 1985, seeks judgment requiring the construction of toilet facilities accessible to patrons utilizing the bathing beaches at Bay and Ocean Beaches of the Village of Ocean Beach, Suffolk County, New York. The petitioner also seeks a declaration that, a certain waiver issued by the respondent, Department of Health, County of Suffolk, providing that the requirement that the beach have toilet facilities available be waived, and that in place and instead persons using the beach shall utilize rest room facilities in their private homes, be declared invalid. Finally, the petitioner seeks attorney’s fees and compensatory damages.
Four years after the proceeding was commenced, in 1989, Mr. Justice Hand entered a judgment and order directing that the Village provide the appropriate toilet facilities. The Village’s response was the passage of a resolution prohibiting use of the beach by nonresidents of the community. Coincidentally with the passage of the resolution, the Village applied for and obtained the waiver from the Department of Health, County of Suffolk. That waiver provides that public toilet facilities are not required and further provides that the Village must control *461 access to the beach insuring that all patrons with access will have proper toilet facilities available at "a reasonable distance”. The Department of Health also required the Village to insure the availability of toilet facilities to lifeguards and other beach service personnel. From the papers submitted to this court, it is clear that the Mayor of the Village of Ocean Beach, as well as a substantial segment of that community, perceives the imposition of toilet facilities at Village beaches as an act which will essentially and substantially alter the character of the Village. For the Village, as for the petitioner, then this is no small matter.
In this application the petitioner seeks partial summary judgment declaring the waiver of the bathing beach toilet facilities requirement by the County of Suffolk invalid. The Village of Ocean Beach has moved by notice of motion for summary judgment dismissing the complaint. (The memorandum of law submitted by the respondent seeks dismissal of the second and third, as well as fourth, fifth and seventh causes of action for failure to state a cause of action. Notwithstanding the failure to request such relief in the notice of motion, all parties having presented their positions with respect to such issue, it will be considered.)
The petitioner has raised constitutional challenges to the waiver claiming the regulation permitting the waiver is invalid and also claiming that there is an invalid application of the waiver. Inasmuch as this determination rests upon the invalid application of the waiver, and effects the County of Suffolk, and inasmuch as the waiver issue is the only issue concerning the State of New York, and it has been resolved by this order, the proceeding as against the Commissioner of Health, State of New York, the Public Health Council of the State of New York and the Attorney-General of the State of New York is dismissed without costs.
By letter dated September 29, 1989, the Village of Ocean Beach made application pursuant to 10 NYCRR 6-2.6 (b) to the Commissioner of Health, County of Suffolk, for a waiver of the requirement that toilet facilities be provided at its bathing beaches, if toilet facilities are not already available within 500 feet of the bathing beach (10 NYCRR 6-2.13). By letter dated October 25, 1989, the Commissioner of Health, Dr. David Harris, granted the waiver upon condition that: (1) the Village control access to the beach ensuring that all patrons have access to toilet facilities within a reasonable distance from the beach and (2) that the Village ensure the availability of toilet facilities to lifeguards and other beach personnel.
*462 Dr. Harris wrote in his letter of October 25, 1989 that "we are in agreement with the opinion of Mr. Robert Burhans, Acting Chief of the Recreational Environmental Health Section of the New York State Department of Health, that this requirement may be waived, 'when it is clear the bathing facility is used by the residential occupants’ ”. The opinion of Mr. Burhans was contained in a September 6,1989 interoffice memorandum. Prior to stating the opinion Mr. Burhans noted that "[t]he intent of the regulation is to provide toilet facilities to patrons using the bathing facility. Bathing facilities operated in conjunction with a residential development do not need independent toilet facilities because the toilet facilities located at the patrons or patrons neighbors’ residence can be utilized”. By a March 31, 1990 resolution the Village has restricted use of the beach to Village residents only.
There are approximately 550 single-family homes within the Village, with 325 located south of Midway Walk, the east-west walk that bisects the Village (the walk is about 1,200 feet from the ocean). The remaining 225 homes are located north of Midway Walk between 1,200 and 1,800 feet from the ocean. Regardless of the distance of the residences south of Midway Walk to the beach, it is clear that a majority of the homes (and residents) are more than 500 feet from the beach and a substantial minority, at least 40% of the homes, are located more than 1,200 feet from the beach.
The waiver cannot survive this challenge. The waiver is invalid and hereby declared void. There is no rational basis to conclude that toilet facilities located 2 to 31/2 times further away than required by regulation constitute an adequate substitute for facilities required to be within 500 feet of the beach. Not only is the longer distance an important consideration, but the surface of the ground over which persons seeking to use the toilet facilities must pass also must be considered. If these persons were required to walk over sand their trip would be slowed down. If these persons were required to walk over concrete, the use of shoes or other devices to protect against the hot concrete in the summer heat would possibly slow down the trip making it more time consuming and posing a further burden on those in need of utilizing rest room facilities. While some residents might live closer to either of the beaches, inasmuch as the Village has a beach on the bay side and a beach on the ocean side, if this waiver were permitted to stand, residents living nearer the bay would effectively be required to utilize that beach and residents living nearer the *463 ocean would effectively be required to use that beach, thus to a significant degree depriving the residents of the privilege heretofore enjoyed by them of utilization of one of the beaches. The Village has not explained how lifeguards and other beach personnel will be afforded access to toilet facilities. Imposing a requirement of walking round trip between one-half and three-quarters of a mile upon the young and/or elderly as well as those who are neither young nor elderly, is unreasonable and cannot be permitted. The distance combined with the purpose of the trip effectively deprives a substantial proportion of the beachgoers eligible to use the beach of a right provided by regulation, the right of access to toilet facilities.
The Department of Health Services argues that it relied in part upon the opinion of Mr. Burhans and also made an independent determination that adequate alternative provisions had been made with respect to toilet facilities to warrant a conditional grant of the waiver. In its September 29, 1989 application for a waiver the Village represents that because there is no motor vehicle transportation permitted all residents walk to and from their homes to either ocean or bay beaches, and that bathers at the Village’s ocean and bay beaches would be within walking distance of their own bathrooms. There is nothing in this letter application to advise the Department of Health Services that "walking distance” to one’s own bathroom could be as much as one-quarter or one-third of a mile. Additionally, reference is made to an October 8, 1975 letter application for a waiver, in which the Village represents that all residents have available facilities in their own homes, all of which are in close proximity to the beach. There is nothing in this prior letter application to advise the Department of Health Services that "close proximity” to an available facility can be as much as one-quarter or one-third of a mile.
It is evident that insufficient facts were presented to the Department of Health Services both at the time of the 1975 and the 1989 application for waivers of the toilet facility requirement. Additionally, with respect to Mr. Durban’s opinion with which the Department of Health Services agreed, the court observes initially that the opinion was expressed within the context of a meeting regarding complaints from members of homeowner associations, condominiums and other residential group-operated bathing facilities, primarily on the Long Island Sound beaches, regarding the toilet facility regulation. The opinion, therefore, was not specifically directed to the Village of Ocean Beach situation nor to municipally operated *464 beaches. Further, inasmuch as estoppel cannot be invoked against the State (see, Matter of New York State Med. Transporters Assn. v Perales, 77 NY2d 126 [1990]) there is no impediment to the State Department of Health recommending that the County Department of Health Services no longer grant the Village of Ocean Beach’s annual renewal application for a waiver of the toilet facility requirement. The court notes that the present position of the State as expressed by Richard Sven-son, the Director of the New York State Department of Health, Bureau of Community Sanitation and Food Protection, is that "the use of 10 NYCRR 6-2.6 (b) to waive the statutory requirement that a beach operator provide public toilets at its bathing beaches is impermissible”. Moreover, with respect to the conditions for the waiver, there is nothing in the record before this court to indicate that the conditions were ever met. There is no indication that the Village controlled access to the beach to ensure that all patrons had access to a toilet facility within a "reasonable distance” from the beach and, as noted, there is no indication that the Village ensured the availability of toilet facilities to lifeguards and other beach service personnel.
In concluding the court observes that the Appellate Division has previously ruled that "upon a search of the record, we find no basis to conclude that the waiver should be declared valid.” (Matter of Pokoik v Department of Health Servs., 210 AD2d 414, 415 [1994].)
The October 25, 1989 grant by the Department of Health Services to the Village of Ocean Beach of a waiver of the requirement that toilet facilities be provided within 500 feet of the bathing beach is declared invalid.
The Village’s application for summary judgment is denied with leave to renew insofar as the Village of Ocean Beach seeks summary judgment on the basis of the petitioner’s residence. Residence alone is not sufficient for this court to conclude that the petitioner is not aggrieved. There are other issues which can be considered and with respect to which the Village has made an insufficient showing. Having rendered this determination the request of the Village to dismiss the fourth and fifth causes of action is denied. The request to. dismiss the claim for compensatory and punitive damages as well as counsel fees is granted only to the extent that the request for punitive damages is dismissed. (City of Newport v Fact Concerts, 453 US 247). The dismissal of the balance of the seventh cause of action is denied without prejudice to renewal.
*465 Prior to rendering this determination oral argument was held with respect to the question of the remaining issues, if any.
The court having determined that the waiver is invalid and that the Village of Ocean Beach must comply with Public Health Law § 1340 and 10 NYCRR 6-2.13, the State Sanitary Code, and provide toilet facilities for the bathing beach, the next threshold issue of the validity of the "residents-only” beach resolution must be determined before this court can direct, and the Village can proceed with the construction of the toilet facilities with the proper number of water closets, lavatories and urinals to accommodate the beach users and satisfy the regulation (10 NYCRR 6-2.19 [5.3], [5.3.1], [5.3.2]). Accordingly, counsel shall present their positions as supported by memoranda of law as to the issue of the validity of the Village of Ocean Beach’s March 31, 1990 "residents-only” beach resolution within 30 days of the date of this order. Additionally, counsel shall furnish this court with a survey, a map or an approved diagram showing the boundaries of the Village of Ocean Beach, the boundaries of the bathing beach and the boundaries of the Federal Dune District so that an appropriate location for the construction of the toilet facilities can be determined. Further, the Village shall furnish the court with copies of the records of the beach monitors for the summers of 1989 through 1995 so that this court can become knowledgeable as to the amount of beach usage and the size of the toilet facilities that will be required.