■ In the Matter of INCORPORATED VILLAGE OF OCEAN BEACH, Appellant, v DEPARTMENT OF HEALTH SERVICES, COUNTY OF SUFFOLK, et al., Respondents. [715 NYS2d 902] —In a proceeding pursuant to CPLR article 78 to review a determination of the

Department of Health Services, County of Suffolk, dated May 15, 1998, denying the petitioner's application for a permit to operate its ocean bathing beach for the 1998 season, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), dated July 29, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Initially, we note that this appeal presents an exception to the mootness doctrine (*cf., Matter of Hearst Corp. v Clyne,* 50 NY2d, 707; *City of New York v Wiggles,* 271 AD2d 632).

Contrary to the petitioner's contention, the determination of the Department of Health Services, County of Suffolk, (hereinafter the County) denying it a permit to operate its bathing beach for the 1998 season after granting such a permit for the 1997 season, was not arbitrary and capricious. Although the factual predicates for its two determinations are almost identical, the County showed a proper basis for changing its determination based upon the 1998 amendment to the New York State Sanitary Code (*see,* 10 NYCRR 6-2.13 [a]; 6-2.19 [5.1]), and a further review of the previous judicial decisions relating to this matter in light of that amendment (*see, Matter of Pokoik v Department of Health Servs.,* 237 AD2d 368; *Matter of Pokoik v Department of Health Servs.,* 168 Misc 2d 459; *see also, Matter of Richardson v Commissioner of N. Y. City Dept. of Social Servs.,* 88 NY2d 35, 39-40; *Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 517). Thus, the Supreme Court properly denied the petition and dismissed the proceeding. Bracken, J. P., Ritter, Friedmann and Florio, JJ., concur.