■ In the Matter of MAINSTREET MAKEOVER 2, INC., Respondent, v MEENAKSHI SRINIVASAN et al., Appellants. [866 NYS2d 706]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York dated December 13, 2005, made after a hearing, which denied an appeal from a determination of the Staten Island Borough Commissioner of the Department of Buildings of the City of New York dated April 22, 2005, denying the petitioner's request to lift a "hold" placed upon its building

permit application, Meenakshi Srinivasan, Satish K. Babbar, and James Chin, constituting the Board of Standards and Appeals of the City of New York, and the Department of Buildings of the City of New York appeal from a judgment of the Supreme Court, Richmond County (Gigante, J.), dated November 17, 2006, which granted the petition, annulled the determination, and directed the Department of Buildings of the City of New York to renew the "current permits for alterations and allowing completion of the home at the subject site."

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof granting that branch of the petition which was to annul so much of the determination of the Board of Standards and Appeals of the City of New York dated December 13, 2005, as denied the appeal from so much of the determination of the Staten Island Borough Commissioner of the Department of Buildings dated April 22, 2005, interpreting the applicable zoning regulations to include a certain retaining wall within the definition of "structure," and thus to include the construction of the retaining wall within the definition of a "development" pursuant to New York City Zoning Resolution § 12-10, consequently making it subject to City Planning Commission approval, and substituting therefor a provision denying that branch of the petition and confirming that portion of the determination of the Board of Standards and Appeals of the City of New York, and (2) by deleting the provision thereof directing the Department of Buildings of the City of New York to renew the "current permits for alterations and allowing completion of the home at the subject site"; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Board of Standards and Appeals of the City of New York for further proceedings in accordance herewith.

In November 2002 the petitioner sought and received approval from the Department of Buildings of the City of New York (hereinafter the DOB) of its pre-consideration request to "enlarge the existing house [on the subject premises] and to replace and relocate the existing square footage so as to be in compliance with existing zoning and to upgrade the structural integrity of the structure." Upon receiving such approval, the petitioner filed a site alteration permit application describing the project as a "[h]orizontal and vertical enlargement as well as a relocation of existing square footage." The petitioner submitted plans along with the application which proposed a complete demolition of the existing building and construction of a new building on a different portion of the lot. The DOB ap-

proved the site alteration permit on March 3, 2003, and issued it on March 4, 2003. Thereafter, the petitioner demolished the existing structure, leveled an existing steep slope on the property, constructed a 130-foot by 15-foot retaining wall along the property line, and began construction of a new three-story building on a previously-undeveloped portion of the lot.

On May 18, 2004, following an inspection of the premises, the DOB issued a "notice of violation and hearing" (hereinafter the notice) to the petitioner, in which it asserted that the work was being performed without a demolition permit in violation of Administrative Code of the City of New York § 27-147. The notice stated, in pertinent part, "work without permit . . . (Demo-[lition]) . . . 3 st[ory] [new building] was in progress: work was done under Alt Permit (Horizontal and vertical enlargement of existing house) . . . no visual confirmation of existing house being in place."

On June 9, 2004, the DOB placed a "hold" on the original building permit, apparently determining that the petitioner should have sought a new building permit for the work being performed. On October 13, 2004, the City of New York Environmental Control Board dismissed the notice upon a finding by an administrative law judge that the DOB's approval of the preconsideration application in 2002 obviated the need for a demolition permit.

By letter to the New York City Department of City Planning (hereafter the DCP) dated November 16, 2004, the petitioner requested confirmation that the erection of a retaining wall is neither a "site alteration" nor a "development" as defined by New York City Zoning Resolution (hereafter ZR) § 105-01, and accordingly, that such work does not require the filing of an application with the New York City Planning Commission (hereafter CPC) pursuant to ZR 105-021. In response, by letter dated February 2, 2005, the DCP denied the petitioner's request. Specifically, the DCP determined that construction of the retaining wall was a "development" for the purposes of ZR 105-40 because the retaining wall met the definition of a "structure" within the meaning of ZR 12-10. Therefore, the DCP concluded that the construction of the retaining wall required CPC approval.

The petitioner subsequently requested that the DOB remove the "hold" status so that the building permit could be renewed and reinstated. On April 22, 2005, the Staten Island Borough Commissioner of the DOB denied the petitioner's request on the ground, in effect, that the DCP determined that the petitioner must obtain CPC approval pursuant to ZR 105-40.

The petitioner appealed the April 22, 2005, determination to the Board of Standards and Appeals of the City of New York (hereinafter the BSA), again seeking to have the "hold" status removed so that the building permit could be renewed and reinstated.

On October 7, 2005, during the pendency of the BSA appeal, the DOB sent the petitioner a "notice of intent to revoke approval and permit" pursuant to Administrative Code of the City of New York § 27-197 on the ground that the pre-consideration request contained a misrepresentation of fact such that it was erroneously presented as a basis for the issuance of the alteration permit; final revocation was stayed by the DOB pending the outcome of the BSA appeal.

On December 13, 2005, after a hearing and upon accepting submissions by the parties, by a vote of zero in favor and three in opposition to the appeal, the BSA adopted a resolution which, in pertinent part, found that (1) the DOB's application of the relevant definitions to the construction of the dwelling and wall at the premises was correct, and (2) the DOB's refusal to lift the "hold" and reinstate the permit and application approval for failure to submit the proposal to the CPC was an appropriate exercise of its jurisdiction. Specifically, the BSA found that the construction of the new residence and the retaining wall each independently satisfied the definition of "development" under ZR 12-10, such that CPC approval was required for the construction of both the new residence and the retaining wall pursuant to ZR 105-40.

The petitioner commenced the instant proceeding against the BSA and the DOB pursuant to CPLR article 78 to review the BSA determination. In a judgment dated November 17, 2006, the Supreme Court granted the petition, annulled the BSA determination placing a "hold" on the petitioner's building permit application, and directed the DOB to renew the "current permits for alterations and allow completion of the home at the subject site." In so doing, the court found, among other things, that the placement of the "hold" on the permit was arbitrary and capricious since the petitioner "clearly stated" during the application process that the construction would "replace and relocate the existing square footage," thus indicating that the petitioner's application did not contain a misrepresentation of fact upon which the DOB erroneously based its approval of the alteration permit. The court also noted that the retaining wall was depicted on plans which accompanied the petitioner's permit application. Finally, the court determined that the DOB was "bound and limited" to invoking the alleged false state-

ments or misrepresentations made by the petitioner as its ground for denying the petitioner's request to lift the "hold" on the permit, since that was the basis upon which it relied when it revoked the permit on October 7, 2005. We now modify the judgment, confirm so much of the determination of the BSA as denied the appeal from so much of the determination of the Staten Island Borough Commissioner of the DOB interpreting the applicable zoning regulations to include the retaining wall within the definition of "structure," and thus to include the construction of the retaining wall within the definition of a "development" pursuant to ZR 12-10, consequently making it subject to CPC approval pursuant to ZR 105-40, deny that branch of the petition which sought review of that portion of the determination of the BSA, delete the provision thereof directing the DOB to renew the petitioner's "current permits for alterations and allowing completion of the home at the subject site," and remit the matter to the BSA solely for a determination on the issue of whether the DOB issued the permit in error based upon alleged misrepresentations made by the petitioner during the permit application process with respect to the petitioner's plans to demolish the existing premises and to construct a new residence on a different portion of the subject lot.

We note that the petitioner seeks review not of the DOB's initial placement of the "hold," but rather of the BSA's affirmance of the DOB's denial of the request to lift the "hold." Since the DOB's denial of the petitioner's request to lift the "hold" was based upon the DCP's determination that the erection of the retaining wall required CPC approval, the subject of the retaining wall was very much at issue at the hearing before the BSA, and, contrary to the finding of the Supreme Court, was properly raised before the BSA and the Supreme Court. Thus, the Supreme Court erred in failing to consider any arguments relating to the retaining wall or to consider that portion of the BSA's determination which was based upon its findings as to the retaining wall.

The BSA, consisting of experts in zoning and planning, is the ultimate administrative authority charged with enforcing the ZR (*see* NY City Charter §§ 659, 666; *Matter of Toys "R" Us v Silva,* 89 NY2d 411, 418 [1996]). A decision of the BSA may not be set aside in the absence of illegality, arbitrariness, or abuse of discretion (*see Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals,* 95 NY2d 437, 440 [2000]). Under the circumstances, including the Supreme Court's failure to make a specific determination with respect to the matter, we find that

the determination of the BSA that the retaining wall constituted an "other structure" and a "development" pursuant to ZR definitions, and therefore subject to CPC approval pursuant to ZR 105-40, was not arbitrary or capricious. Accordingly, the petitioner must obtain CPC approval with respect to the retaining wall before any permit relating to such wall can be procured, reinstated, or renewed.

Turning to the determination with respect to the demolition of the existing premises and the construction of a new residence on another portion of the subject lot, the parties do not dispute that this portion of the construction project would typically fall under the definition of a "development" within the meaning of ZR 12-10, and, if deemed a "development," would be subject to CPC approval pursuant to ZR 105-40. However, ZR 105-01, as it existed during the pertinent period of time, provided, in effect, that the CPC approval requirements of ZR 105-40 do not apply to "site alterations." The petitioner argues that since it received approval from the DOB to submit its application for a building permit as a "site alteration permit," as opposed to a new building permit, that it did so for the very purpose of avoiding the necessity of CPC approval, and that it ultimately received a site alteration permit rather than a new building permit from the DOB, CPC approval was not necessary under the circumstances. The DOB contended that it issued the site alteration permit in error, based upon misrepresentations made by the petitioner during the permit application process, and this reliance upon the petitioner's false statements empowered the DOB to revoke the permit that ultimately was issued, based upon the DOB's authority to remedy the consequences of a false statement or any misrepresentation as to a material fact made in a permit application (*see* Administrative Code of City of NY § 27-197; *Matter of Brock v Zoning Bd. of Appeals of Town of Queensbury*, 237 AD2d 670 [1997]; *Welland Estates v Smith*, 109 AD2d 193 [1985], *affd* 67 NY2d 789 [1986]).

In making its determination on the appeal from the DOB's denial of the petitioner's request to lift the "hold" on the building permit application, the BSA, like the DOB, determined that the new construction constituted a "development" requiring CPC approval pursuant to ZR 105-40, and ended its analysis there. The BSA, however, failed to fully consider the petitioner's argument that the DOB permitted it to file the application for a permit as a site alteration and that the construction therefore was not subject to CPC approval pursuant to the exception for site alterations provided by ZR 105-01. Indeed, the BSA seemed to disregard the approval granted by the DOB and

merely determined that the nature of the construction qualified it as a "development" and not a "site alteration." In the judgment appealed from, the Supreme Court did not address the fact that the BSA did not fully consider the issue and instead placed itself in the shoes of the BSA and made a determination on the issue. Since the BSA did not make a determination with respect to the issue, either by mistake or oversight, the matter must be remitted to the BSA, the panel of individuals with specific expertise in such matters, for a determination solely on the issue of whether the DOB issued the permit in error based upon alleged misrepresentations made by the petitioner during the permit application process with respect to the petitioner's plans to demolish the existing premises and to construct a new residence on a different portion of the subject lot. If the BSA determines that the permit was issued in error based upon misrepresentations made by the petitioner during the application process, then before the DOB can renew and reinstate the permit, the BSA must require the petitioner to obtain an after-the-fact CPC approval for the prior demolition of the then-existing residence and the construction of the new residence. If the BSA determines that the DOB issued the permit with knowledge of the petitioner's plans, such that it cannot be said that the DOB issued its permit based upon erroneous presumptions due to misrepresentations made by the petitioner, the BSA should direct the DOB to renew and reinstate the permit with respect to the prior demolition of the then-existing residence and construction of the new residence. However, under all circumstances, as set forth above, the petitioner must obtain CPC approval with respect to the retaining wall. Mastro, J.P., Florio, Miller and Dickerson, JJ., concur.