■ In the Matter of MENACHEM REALTY INC., Respondent, v MEENAKSHI SRINIVASAN et al., Appellants. [875 NYS2d 237]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York dated February 13, 2007, made after a hearing, which denied the application of the petitioner-plaintiff to renew its new building permit, which lapsed as a result of a zoning change, and action, inter alia, for a judgment declaring that the petitioner-plaintiff is entitled to a renewal of its permit and an extension of time to complete the foundation at the subject work site, Meenakshi Srinivasan, Christopher Collins, Dara Ottley Brown, and Susan M. Hinkson, constituting the Board of Standards and Appeals of the City of New York, and the Board of Standards and Appeals of the City of New York, appeal from a judgment of the Supreme Court, Kings County (Schmidt, J.), dated October 30, 2007, which granted the petition, annulled the determination, remitted the matter to the Board of Standards and Appeals of the City of New York, and directed the Board of Standards and Appeals of the City of New York to re-issue the permit and grant the petitioner a six-month extension to complete the subject construction.

Ordered that the judgment is affirmed, without costs or disbursements.

After the petitioner Menachem Realty, Inc. (hereinafter MRI), submitted professionally certified plans to the Department of Buildings of the City of New York (hereinafter DOB), MRI obtained a new building permit (hereinafter the permit) for construction of a six-story condominium building (hereinafter the project). DOB audited the project and issued a "10-day notice to revoke," in which DOB asserted numerous "objections" that the work being done was not in compliance with MRI's professionally certified plans.

Shortly thereafter, the area encompassing the building site was rezoned, thereby causing the permit to lapse pursuant to New York City Zoning Resolution § 11-331. The day after the zoning change, DOB issued a stop work order to MRI. Two weeks later, DOB revoked MRI's permit based on its failure to cure two of DOB's objections.

MRI subsequently applied to the Board of Standards and Appeals of the City of New York (hereinafter the BSA) to renew the permit. Subsequent to MRIs' renewal application but prior to the hearing thereon, based on its finding that MRI had cured the remaining objections, DOB reinstated MRI's permit, although it later claimed to have done so in error.

After a hearing, and upon accepting submissions by the parties, the BSA denied MRI's application to renew the permit based on its determination that, inter alia, as MRI had not cured the objections as of the effective date of the rezoning, its permit application had not included "complete plans and specifications" pursuant to New York City Zoning Resolution § 11-31 (a) and, therefore, was invalid. The BSA also determined that, accordingly, as MRI lacked a valid permit as of the effective date of the rezoning, New York City Zoning Resolution § 11-331 prohibited renewal of the permit.

MRI commenced the instant hybrid CPLR article 78 proceeding and declaratory judgment action against the BSA and its members, arguing that the BSA's denial of its application was arbitrary and capricious and an abuse of discretion. In a judgment dated October 30, 2007, the Supreme Court granted MRI's petition, annulled the BSA's determination, and directed it to renew MRI's permit and provide a six-month extension to complete the project. In making its determination, the Supreme Court found that, inter alia, the BSA's determination was arbitrary and capricious because it treated similarly-situated parties in a nonuniform manner.

The BSA, consisting of experts in zoning and planning, is the ultimate administrative authority charged with enforcing the New York City Zoning Resolution (see Matter of Mainstreet Makeover 2, Inc. v Srinivasan, 55 AD3d 910 [2008]). Judicial review of a determination by the BSA is limited to whether its determination was illegal, arbitrary, or an abuse of discretion, and whether it had a rational basis and is supported by evidence in the record (see Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals, 95 NY2d 437, 440 [2000]). However, the determination of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious (see Knight v Amelkin, 68 NY2d 975, 977 [1986]).

In determining that MRI's permit was invalid, the BSA failed to adhere to its own precedent and to properly distinguish its prior determinations in which it had found that permits were valid on essentially the same facts (see Matter of Mobil Oil Corp.

*v Village of Mamaroneck Bd. of Appeals,* 293 AD2d 679, 681 [2002]). Accordingly, the BSA's determination to deny MRI's application was arbitrary and capricious and lacked a rational basis (*see Knight v Amelkin,* 68 NY2d at 977). Moreover, as the record demonstrates that MRI established its entitlement to an extension of time in which to complete the work pursuant to New York City Zoning Resolution § 11-331, and that its rights vested under the common law, the Supreme Court properly granted the petition, annulled the determination, and directed the BSA to reissue the permit and grant MRI a six-month extension to complete the construction (*see* NY City Zoning Resolution § 11-331; *Matter of Estate of Kadin v Bennett,* 163 AD2d 308, 309 [1990]).

The parties' remaining contentions need not be addressed in light of the foregoing determination, or are without merit. Skelos, J.P., Ritter, Florio and Miller, JJ., concur.