[909 NE2d 577, 881 NYS2d 655]

In the Matter of GRA V, LLC, et al., Appellants, v MEENAKSHI SRINIVASAN et al., Respondents.

Argued April 29, 2009; decided June 4, 2009

## APPEARANCES OF COUNSEL

*Sheldon Lobel, P.C.,* New York City (*Richard Lobel* and *Jordan Most* of counsel), for appellants.

*Michael A. Cardozo, Corporation Counsel,* New York City (*Leonard J. Koerner, Stephen J. McGrath* and *Victoria Scalzo* of counsel), for respondents.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court with directions to remand to the New York City Board of Standards and Appeals (BSA) for further proceedings in accordance with this memorandum.

Petitioners brought this CPLR article 78 proceeding to annul a BSA resolution. The challenged resolution denied petitioners' appeal from a determination of the New York City Department of Buildings (DOB) that required petitioners to stop work on a proposed apartment building. The proposed building was not a permissible use under a newly-adopted amendment to the New York City Zoning Resolution. The DOB decided, and the BSA agreed, that petitioners had not acquired a vested right to build before the amendment was adopted.

Supreme Court rejected petitioners' claim and dismissed the proceeding. The Appellate Division, with two justices dissenting, affirmed. On appeal to this Court, however, the BSA concedes that it and the lower courts were in error and that its determination must be vacated. The only issue on which the parties now disagree is whether petitioners have established their right to proceed with their building as a matter of law, or whether the BSA should consider the matter further.

We are unable to say that petitioners' right to build is established as a matter of law by this record. While no legal obstacle to the building is apparent, the BSA, basing its decision on what it erroneously thought to be a fatal flaw in petitioners'

application, may not have reviewed all other material aspects of it. The matter must therefore be remanded to the BSA to enable it to do so.

Chief Judge Lippman and Judges Ciparick, Graffeo, Read, Smith, Pigott and Jones concur in memorandum.

Order reversed, etc.