■ In the Matter of ALEX LYUBLINSKIY, Respondent, v MEENAKSHI SRINIVASAN et al., Appellants. [887 NYS2d 119]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Standards and Appeals of the City of New York dated April 24, 2007, which denied the petitioner's application for a special permit, the appeal is from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated November 20, 2007, which granted the petition, annulled the determination, and directed the Board of Standards and Appeals of the City of New York to grant the application.

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting that branch of the petition which was to direct the Board of Standards and Appeals of the City of New York to grant the application; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Board of Standards and Appeals of the City of New York for further proceedings in accordance herewith.

The petitioner owns property in Brooklyn in a residential R3-1 zoning district located within Community District 15. The premises was improved with a single-family residence. In January 2005 the petitioner began seeking to enlarge the residence. A contractor inspected the house and found extensive damaged wood caused by termites and age. In March 2005 the petitioner submitted site plans to the New York City Department of Buildings (hereinafter the DOB), seeking a permit to enlarge the residence. The site plans called for partial demolition and were professionally-certified as code compliant. The DOB issued an alteration type 2 permit. During construction, further testing revealed that the foundation was not structurally sound. As a consequence, all walls but a portion of the north wall were torn down and replaced during the construction. The DOB discovered that more demolition than was disclosed in the filed site plans had occurred and issued a stop work order. That order was rescinded and construction continued under the original alteration permit. Nine months later, the DOB inspected the premises and found that construction was exceeding permitted

bulk parameters. A second stop work order was issued, and construction ceased.

The petitioner then applied to the Board of Standards and Appeals of the City of New York (hereinafter the BSA) for a special permit pursuant to NY City Zoning Resolution § 73-622 to enlarge his residence over the bulk parameters. After hearings, the BSA denied the application, finding that, due to the demolition, the construction was not an "enlargement," which is defined in the Zoning Resolution, insofar as relevant, as "an addition to the floor area of an existing building" (NY City Zoning Resolution § 12-10). The BSA determined that it did not therefore have the authority pursuant to NY City Zoning Resolution § 73-622 to grant the special permit. The petitioner commenced this proceeding to review the BSA determination. The Supreme Court granted the petition, and the BSA appeals.

" 'A municipality, it is settled, is not estopped from enforcing its zoning laws either by the issuance of a building permit or by laches' " (*Matter of Parkview Assoc. v City of New York,* 71 NY2d 274, 282 [1988], quoting *City of Yonkers v Rentways, Inc.,* 304 NY 499, 505 [1952]). "The BSA, consisting of experts in zoning and planning, is the ultimate administrative authority charged with enforcing the New York City Zoning Resolution" (*Matter of Menachem Realty Inc. v Srinivasan,* 60 AD3d 854 [2009]; *see* NY City Charter §§ 659, 666). Accordingly, contrary to the petitioner's contention, DOB's issuance of an alteration permit did not estop the BSA from determining that his residence was not an existing building which may be enlarged pursuant to a special permit (*see Matter of Parkview Assoc. v City of New York,* 71 NY2d at 282; *Town of Putnam Val. v Sacramone,* 16 AD3d 669 [2005]; *McGannon v Board of Trustees for Vil. of Pomona,* 239 AD2d 392 [1997]).

However, " '[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reasons for reaching a different result on essentially the same facts is arbitrary and capricious' and mandates reversal, even if there may otherwise be evidence in the record sufficient to support the determination" (*Matter of Lucas v Board of Appeals of Vil. of Mamaroneck,* 57 AD3d 784, 785 [2008], quoting *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington,* 97 NY2d 86, 93 [2001]; *see Knight v Amelkin,* 68 NY2d 975 [1986]; *Matter of Menachem Realty Inc. v Srinivasan,* 60 AD3d 854 [2009]). In a prior matter, the BSA granted a special permit pursuant to NY City Zoning Resolution § 73-622 legalizing the enlargement of a residence, the entire original framing of which had to be replaced during construction due to

severe damage caused by termites and age. In determining that it was not empowered to grant the petitioner a special permit, the BSA failed to adhere to its own precedent and to properly distinguish its prior determination in which it had found such authority on essentially the same facts. Accordingly, the BSA's determination was arbitrary and capricious and lacked a rational basis, and was properly annulled (*see Knight v Amelkin,* 68 NY2d 975 [1986]; *Matter of Menachem Realty Inc. v Srinivasan,* 60 AD3d 854 [2009]; *Matter of Lucas v Board of Appeals of Vil. of Mamaroneck,* 57 AD3d 784 [2008]).

Since the BSA erroneously concluded that it did not have the authority to grant the special permit, it failed to make the required findings regarding, among other factors, the impact of the enlarged building upon the essential character of the neighborhood (*see* NY City Zoning Resolution §§ 73-622, 73-03). These findings are a condition precedent to the issuance of a special permit (*see* NY City Zoning Resolution § 73-01; *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801 [1977]). Accordingly, the matter must be remitted to the BSA for a determination of whether the construction meets the standards of the Zoning Resolution for the issuance of a special permit (*see Matter of Mainstreet Makeover 2, Inc. v Srinivasan,* 55 AD3d 910 [2008]). Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.