■ In the Matter of JAVIER GALVEZ, Respondent, v MEENAKSHI SRINIVASAN et al., Appellants. [898 NYS2d 157]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York dated June 3, 2008, which denied an application for a special permit, the appeal is from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated December 13, 2008, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner owns property at 155 Norfolk Street in Brooklyn, in a residential R3-1 zoning district within Community District 15. In April 1999 the Board of Standards and Appeals of the City of New York (hereinafter the BSA) granted the petitioner a special permit pursuant to NY City Zoning Resolution § 73-622 for the enlargement of an existing one-family home at the site. The enlargement was not constructed as planned, and in November 2002 the petitioner submitted a different set of site plans to the New York City Department of Buildings (hereinafter the DOB), seeking a permit to enlarge the residence as of right. The petitioner submitted another set of plans to the DOB in 2003. The DOB issued an Alteration Type 1 permit on November 17, 2005, though construction began prior to that date. Thereafter, due to complaints about construction at the site, the DOB issued a stop-work order, and construction ceased.

The petitioner then applied to the BSA for a special permit pursuant to NY City Zoning Resolution § 73-622 to enlarge the residence over the bulk parameters. After hearings, the BSA denied the application, finding that, due to the demolition of the majority of the original building, the construction was not an "enlargement," which is defined in the Zoning Resolution, insofar as relevant, as "an addition to the floor area of an existing building" (NY City Zoning Resolution § 12-10). The BSA determined that it did not, therefore, have the authority pursuant to NY City Zoning Resolution § 73-622 to grant the special permit. The petitioner commenced this CPLR article 78 proceeding to review the BSA determination. The Supreme Court granted the petition, and the BSA appeals.

"[A] municipality, it is settled, is not estopped from enforcing its zoning laws either by the issuance of a building permit or by laches" (*Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *cert denied* 488 US 801 [1988], quoting *City of Yonkers v Rentways, Inc.*, 304 NY 499, 505 [1952]). "The BSA, consisting of experts in zoning and planning, is the ultimate administrative authority charged with enforcing the New York City Zoning Resolution" (*Matter of Menachem Realty Inc. v Srinivasan*, 60 AD3d 854, 856 [2009]; *see* NY City Charter §§ 659, 666). Accordingly, contrary to the petitioner's contention, the DOB's issuance of an alteration permit did not estop the BSA from determining that his residence was not an existing building which may be enlarged pursuant to a special permit (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d at 282; *Town of Putnam Val. v Sacramone*, 16 AD3d 669 [2005]; *McGannon v Board of Trustees for Vil. of Pomona*, 239 AD2d 392 [1997]).

Moreover, a decision of the BSA may not be set aside in the absence of illegality, arbitrariness, or abuse of discretion (*see Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals*, 95 NY2d 437, 440 [2000]). Under the circumstances of this case, the BSA's determination that the building in question was mostly demolished and reconstructed outside the parameters of its original measurements and was not an "enlargement" pursuant to Zoning Resolution definitions, and that it could not therefore grant the petitioner a special permit pursuant to NY City Zoning Resolution § 73-622, was not arbitrary or capricious (*see Matter of Mainstreet Makeover 2, Inc. v Srinivasan*, 55 AD3d 910, 915 [2008]; *Matter of Vergata v Town Bd. of Town of Oyster Bay*, 209 AD2d 527, 528 [1994]; *Matter of L & M Realty v Village of Millbrook Planning Bd.*, 207 AD2d 346, 347 [1994]). We note that there is no evidence that the building in

this matter was demolished and reconstructed outside its original parameters due to structural infirmity (cf. *Matter of Lyublinskiy v Srinivasan*, 65 AD3d 1237, 1239-1240 [2009]). Mastro, J.P., Skelos, Eng and Roman, JJ., concur.