■ In the Matter of FORT INDEPENDENCE PARK NEIGHBORHOOD ASSOCIATION, by KRISTIN HART, its President, et al., Appellants, v MEENAKSHI SRINIVASAN, as Chair of the New York City Board of Standards and Appeals, et al., Respondents. [5 NYS3d 56]—

Order and judgment (one paper), Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered July 31, 2013, which denied the petition to annul the determination of respondent Board of Standards and Appeals (BSA) dated August 16, 2011, adopting a resolution finding that respondent GRA V, LLC had established a common-law vested right to continue work pursuant to a permit, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

BSA's determination that developer GRA V's permit was valid was not arbitrary and capricious (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). After an earlier remand from the Court of Appeals (*see Matter of GRA V, LLC v Srinivasan*, 12 NY3d 863 [2009]), GRA V, LLC was given the opportunity to establish its entitlement to a minor retroactive amendment to its plans to reflect the

required additional minimum setback from the street line. Such minor amendments to plans are permitted to cure errors and administrative irregularities, and to validate a permit retroactively (*see Matter of Menachem Realty Inc. v Srinivasan*, 60 AD3d 854, 856 [2d Dept 2009]). Here, after GRA V amended its plans, the Department of Buildings determined that all outstanding zoning issues related to the plans had been resolved and that the foundation permit was valid, and the BSA agreed.

The BSA also rationally concluded that GRA V established that its financial expenditures, including irrevocable commitments, and the amount of work completed, were substantial, and also that it would suffer serious loss absent common-law vested rights (*see Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals of Inc. Vil. of New Hempstead*, 77 NY2d 114 [1990]; *Matter of Putnam Armonk v Town of Southeast*, 52 AD2d 10 [2d Dept 1976]).

There is no merit to the claim made by amicus curiae, Community Board 8, that the BSA ignored the public health, safety and welfare in making its determination. The BSA specifically considered and rejected the claim that the project will have an adverse impact on the public health, safety and welfare. In addition, the BSA correctly noted that the question of public safety, health and welfare arises where, unlike here, the specific issue of divestment of the common-law vested right to build has been raised (*see Putnam Armonk*, 52 AD2d at 15). In any event, there was no record evidence to support the claim that this project poses a public safety or health risk.

We have considered petitioners' remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.