■ In the Matter of 31-33 FARM TO MARKET PROPERTIES, LLC, Appellant, v PUTNAM COUNTY et al., Respondents. [11 NYS3d 74]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Putnam County Department of Health dated August 16, 2013, which denied the petitioner's application for a permit to construct a water well, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Grossman, J.), dated May 12, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner submitted an application for a permit to construct a new water well on certain real property located in Putnam County. At the time that the petitioner submitted its application, there was already an existing well and water system on the property.

The Putnam County Department of Health (hereinafter the DOH) determined that the existing water system constituted a "public water system" within the meaning of the New York State Sanitary Code, since the existing water system provided water to seven apartment units located in buildings on the subject property (10 NYCRR 5-1.1 [be]). The DOH denied the petitioner's application on the ground that the Putnam County Sanitary Code prohibited the drilling of additional wells on property that already included a public water system (*see* Putnam County Sanitary Code § 13.10 [E]).

The petitioner commenced this proceeding pursuant to CPLR article 78 to challenge the DOH's determination. The petitioner contended that the DOH erroneously concluded that the existing water system constituted a public water system. The Supreme Court denied the petition and dismissed the proceeding.

The relevant inquiry in this case is "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of Incorporated Vil. of Ocean Beach v Department of Health Servs., County of Suffolk*, 277 AD2d 453, 454 [2000]). In applying the "arbitrary and capricious" standard, a determination should not be disturbed unless the record shows that the challenged determination was "arbitrary, unreasonable, irrational or indicative of bad faith" (*Matter of Cowan v Kern*, 41 NY2d 591, 599 [1977]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]).

Here, the DOH's conclusion that the existing water system constituted a "public water system" within the meaning of the New York State Sanitary Code (10 NYCRR 5-1.1 [be]) was consistent with the definition of that term that had been employed by both State and local public health authorities throughout the state for nearly 15 years, and was consistent with the operating certificate under which the petitioner operated the existing water system. Contrary to the petitioner's contention, the DOH's determination that the existing water system constituted a "public water system" and that the petitioner was therefore barred from drilling a new well on the property pursuant to the Putnam County Sanitary Code was not "made in violation of lawful procedure," "affected by an error of law," "arbitrary and capricious," or "an abuse of discretion" (CPLR 7803 [3]; *see generally Matter of Galvez v Srinivasan*, 71 AD3d 1019, 1020 [2010]; *Matter of Mainstreet Makeover 2, Inc. v Srinivasan*, 55 AD3d 910, 914-915 [2008]). Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.