■ In the Matter of SAM MOUNDROUKAS, Appellant, v JOSEPH P. FOLEY et al., Constituting the Zoning Board of Appeals in the Town of Greenburgh, et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Zoning Board of Appeals of the Town of Greenburgh, which denied petitioner's application for a zoning variance, petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Rosenblatt, J.), entered February 18, 1983, as dismissed his petition insofar as it sought money damages. Order affirmed insofar as appealed from, with costs. We agree with Special Term that the challenged actions of the respondents in connection with the denial of petitioner's application for a zoning variance were discretionary and quasi-judicial in nature and, therefore, respondents are immune from suit for monetary damages (see *Tango v Tulevech,* 61 NY2d 34; *Rottkamp v Young,* 21 AD2d 373, affd 15 NY2d 831). In addition, we note that petitioner was not in any way deprived of his due process rights at the administrative hearing. Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.

■ In the Matter of JOSEPH SOMMERS, Petitioner, v BOARD OF FIRE COMMISSIONERS OF THE MASTIC BEACH FIRE DISTRICT, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of respondent Board of Fire Commissioners of the Mastic Beach Fire District, dated December 24, 1982, which, after a hearing, *inter alia,* ordered petitioner removed as a member of the Mastic Beach Fire Department. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Initially, it is noted that respondent Board of Fire Commissioners of the Mastic Beach Fire District had jurisdiction, pursuant to section 209-*l* of the General Municipal Law, to entertain removal proceedings based upon the misconduct of petitioner, a volunteer fireman, who had the status of a life member of the Mastic Beach Fire Department (see *Matter of Acker v Board of Fire Comrs.,* 25 AD2d 282; *Matter of Busking v Kronimus,* 41 Misc 2d 985, affd 22 AD2d 888). While petitioner raised in his petition the question of whether respondent board's finding of misconduct was based upon substantial evidence, in his brief, petitioner concedes that a charge of misconduct can be supported by a guilty plea in a prior criminal prosecution. Accordingly, petitioner's pleas of guilty to the crimes of filing of a false instrument in the second degree and petit larceny, as evidenced by a certified copy of the transcript of the minutes of the plea proceedings and a certified copy of the disposition, were sufficient to support the board's determination of misconduct (cf. *Matter of Pozarny v State of New York,* 92 AD2d 954; *Matter of Chilson v Board of Educ.,* 41 AD2d 739, affd 34 NY2d 222). Furthermore, the penalty of removal imposed herein was not " ' "so disproportionate to the offense[s], in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, quoting from *Matter of McDermott v Murphy,* 15 AD2d 479, affd 12 NY2d 780). Respondent properly found that petitioner "violated his public trust", in that the crimes he pleaded guilty to were committed against the Mastic Beach Fire District while petitioner was a fire commissioner of the fire district. The question before us is not "whether we might have imposed another or different penalty", but whether respondent board "reasonably acted within the scope of its powers. The answer [to the latter question] must be in the affirmative" (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 238, *supra*). Finally, we find that the hearing held was not conducted in violation of petitioner's due process rights. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.