OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the matter remitted to the Zoning Board of Appeals of the Town of Huntington for further consideration.
We have recently held that "[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious” (Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 517). Inasmuch as a zoning board of appeals performs a quasi-judicial function when considering applications for variances and special exceptions (see, Matter of Cowan v Kern, 41 NY2d 591, 598-599, rearg denied 42 NY2d 910; Holy Spirit Assn. v Rosenfeld, 91 AD2d 190, lv denied 63 NY2d 603), and completely lacks legislative power (2 Anderson, New York Zoning Law and Practice § 23.59, at 251; 6 Rohan, Zoning and Land Use Controls § 43.01 [2] [b], at 43-8 — 43-9), a zoning board of appeals must comply with the rule of the Field case. Here, petitioners have succeeded in showing the existence of several *978 earlier determinations by the Zoning Board with sufficient factual similarity so as to warrant an explanation from the Board. In particular, the Board should explain why it no longer interprets section 198-44 (C) of the zoning ordinance to be applicable in a case involving intensified use of property, as it apparently did in its July 1982 and November 1981 decisions cited by petitioners. It should also explain why its 1978 determination granting a variance to another owner of a downtown furniture store is different from the application of petitioners. Of course, the Board is not prohibited by our decision today from denying petitioners’ application for a variance from or special exception to the zoning ordinance’s off-street parking requirements. We only hold that because petitioners have shown earlier determinations of the Board reaching contrary results on essentially the same facts, an explanation or, in the alternative, a conforming determination, is required.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and matter remitted to Supreme Court, Suffolk County, with directions to remand to the Zoning Board of Appeals of the Town of Huntington for further consideration in accordance with the memorandum herein.