■ In the Matter of CYNWYD INVESTMENTS, INC., et al., Appellants, v TOWN OF NORTH HEMPSTEAD et al., Respondents. [627 NYS2d 433] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of North Hempstead, dated March 23, 1993, which accepted the recommendation of the Town of North Hempstead Historic Landmarks Preservation Commission to designate the Moore-Draper Mansion (Roslyn Country Club Clubhouse) an historic landmark, the petitioners appeal from a judgment of the

Supreme Court, Nassau County (Becker, J.), dated February 9, 1994, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the resolution designating the Moore-Draper Mansion (Roslyn Country Club Clubhouse) an historic landmark is annulled.

The Town of North Hempstead Historic Landmarks Preservation Commission (hereinafter the Commission) erred in considering an application to landmark the Moore-Draper Mansion (hereinafter the Mansion) since it was the subject of a previous landmark application which had been denied by the Commission less than one year before. Section 27-7 (C) (3) of the Historic Landmarks Preservation Law of the Code of the Town of North Hempstead provides: "Upon a Commission decision to deny an application, the proceeding shall terminate, and the Commission may not consider a new application for the same site for one (1) year thereafter."

There is no merit to the contention of the Town Board of the Town of North Hempstead (hereinafter the Town Board) that the new application to landmark the Mansion was not an application for the "same site", because the new application sought landmark status for only that part of the entire parcel upon which the Mansion was situated, while the original application sought to designate the entire 10-acre parcel as a landmark. Pursuant to Historic Landmarks Preservation Law § 27-2, a "historic landmark site" is defined in pertinent part as "[a] parcel *or part thereof* on which is situated a landmark" (emphasis supplied). Because the Commission acted contrary to proper procedure, the resolution of the Town Board to affirm its recommendation to designate the Mansion a landmark must be annulled *(see,* CPLR 7803 [3]; *Matter of Lozada v Scully,* 108 AD2d 859).

The Town Board contends that the new application was, in effect, an amendment of the original application, and therefore was not subject to the constraints of section 27-7 (C) (3) of the Historic Landmarks Preservation Law of the Code of the Town of North Hempstead. However, there is nothing in the Historic Landmarks Preservation Law that gives the Commission the power to amend an application brought before it *(see generally, Matter of Department of Personnel v New York City Civ. Serv. Commn.,* 79 NY2d 806; *Matter of City of New York v State of New York Commn. on Cable Tel.,* 47 NY2d 89).

In light of the foregoing, we do not reach the petitioners' remaining contentions. Sullivan, J. P., Miller, Santucci and Altman, JJ., concur.