■ In the Matter of MOBIL OIL CORPORATION, Appellant, v VILLAGE OF MAMARONECK BOARD OF APPEALS, Respondent. [740 NYS2d 456] —In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Mamaroneck Board of Appeals dated September 7, 2000, which, after a hearing, denied the petitioner's request for an area variance, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Leavitt, J.), entered February 23, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying the petition in its entirety, and substituting therefor a provision granting the petition to the extent of annulling the respondent's denial of its application for a variance to permit erection of a canopy; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the respondent for further proceedings in accordance herewith.

The determination of the Village of Mamaroneck Board of Appeals (hereinafter Board of Appeals) was incorrect insofar as it found that the variance sought by the petitioner to erect a canopy over its three gas-pumping islands was a use variance. The variance sought by the petitioner was an area variance, not a use variance, since the petitioner was not seeking to change the essential use of the property (*see Matter of Wilcox v Zoning Bd. of Appeals,* 17 NY2d 249, 254; *Human Dev. Serv. of Port Chester v Zoning Bd. of Appeals of Vil. of Port Chester,*

110 AD2d 135, 137 n, *affd* 67 NY2d 702). The canopy is only a physical and dimensional characteristic in this respect. The essential use of the property will remain as a gas station even with the erection of the canopy.

This error infected the Board of Appeals' determination even assuming that it, alternatively, engaged in a balancing test in considering the application for the canopy as an area variance. A self-imposed hardship is fatal to an application for a use variance, but it is a relevant, although nondeterminative, factor in considering an area variance application (*see Matter of Clark v Board of Zoning Appeals,* 301 NY 86, 89, *cert denied* 340 US 933; *Matter of Courtney v City of Albany Bd. of Zoning Appeals,* 177 AD2d 820; *Matter of Long Is. Leasing Corp. v Casey,* 138 AD2d 596, 597; *Matter of Carriage Works Enter. v Siegel,* 118 AD2d 568, 569; 2 Salkin, New York Zoning Law and Practice §§ 29:30, 29:39 [4th ed 2001]; for area variances *see Matter of De Sena v Board of Zoning Appeals of Inc. Vil. of Hempstead,* 45 NY2d 105, 108; *cf. Matter of Sasso v Osgood,* 86 NY2d 374, 385; Rice, Practice Commentaries, Village Law § 7-712-b, McKinney's Cons Laws of NY, Book 63, at 422 [1996]). In determining whether to grant an area variance, a zoning board must engage in a balancing test of the statutory factors (*see* Village Law § 7-712-b [3] [b]; *Matter of Sasso v Osgood, supra* at 384; *Matter of Rosof v Bailin,* 237 AD2d 612).

The Board of Appeals not only erred in its treatment of the application as one for a use variance but also articulated an irrational reason for branding the petitioner's difficulty as self-created because, when it purchased the property, it knew of the two previous denials of variances for canopies for this property. The petitioner applied for the area variance only after the Board of Appeals evinced a willingness to grant such an application when it granted a variance permitting Shell Oil Company (hereinafter Shell) to erect a canopy at its gas station in an identically zoned C-1 district on Mamaroneck Avenue adjacent to a residential district. Thus, the prior denials to the petitioner's predecessors are not relevant as evidence of the Board of Appeals' "attitude" toward the petitioner's current application (*see* 2 Salkin, New York Zoning Law and Practice § 28:35 [4th ed 2001]). Moreover, this "attitude" can hardly be deemed the basis for finding a self-created hardship by the petitioner.

The Board of Appeals might have applied the doctrine that a hardship is self-created where an applicant acquires property subject to restrictions (here, the village ordinance forbidding canopies without a variance) from which relief is sought (*see*

*Matter of First Natl. Bank of Downsville v City of Albany Bd. of Zoning Appeals,* 216 AD2d 680, 681; *Matter of Courtney v City of Albany Bd. of Zoning Appeals, supra; Matter of Tharp v Zoning Bd. of Appeals of City of Saratoga Springs,* 138 AD2d 906, 907; *Matter of Long Is. Leasing Corp. v Casey, supra* at 597). The Board of Appeals, however, did not adopt its finding of self-created hardship on this basis and the reviewing court cannot substitute its view of what constitutes a proper basis (*see Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 593) ("[a] fundamental principle of administrative law * * * limits judicial review of an administrative determination solely to the grounds invoked by the agency, and if those grounds are insufficient or improper, the court is powerless to sanction the determination by substituting what it deems a more appropriate or proper basis").

In addition, the Board of Appeals did not properly distinguish its prior determination granting an area variance to Shell. It is noteworthy that the Board of Appeals treated Shell's application as an area variance, a treatment it should have accorded the petitioner's application. The Board of Appeals in the Shell case expressly stated that the relief it granted there would be precedent for the 10 other gas stations, including the petitioner's, located within the municipality. Finally, in granting Shell's variance, the Board of Appeals disclaimed expertise to determine the minimum size and location for a canopy, and deferred to the Board of Architectural Review and Planning Board as to the dimensions of Shell's canopy.

Yet, when it denied the petitioner's application, the Board of Appeals opined that the petitioner's canopy would be much larger than Shell's canopy. It also distinguished Shell as a solely self-service gas station whereas one third of the petitioner's pumps are devoted to full service. This distinction is not rational. The canopy is necessary to protect customers equally in both operations. In addition, the Board of Appeals distinguished Shell on the ground that the petitioner's pumps constitute preexisting nonconforming installations such that the proposed canopy would increase the nonconformity. It is true that Shell did not require the additional setback variances that the petitioner needs to construct its canopy. It is difficult, however, to understand the Board's observation that a canopy would increase the nonconformity because the petitioner is not proposing to relocate or extend its pumps in closer proximity to the property lines.

In view of these errors committed by the Board of Appeals, it cannot be said that it engaged in the appropriate balancing of

factors in determining the petitioner's application for the area variance for the canopy or that it appropriately distinguished the Shell precedent to satisfy its quasi-judicial obligations (see Knight v Amelkin, 68 NY2d 975, 977-978; cf. Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 517). Moreover, in view of the Board of Appeals' determination to deny the canopy application, it never reached the petitioner's variance application for signs on the canopy. However, the Board of Appeals' determination denying the price sign on the existing structure was appropriate because the petitioner furnished no support for that branch of its application.

Accordingly, the appropriate remedy is to remit this matter to the Board of Appeals for further proceedings with respect to the canopy and canopy sign in accordance herewith (see Knight v Amelkin, supra at 978; cf. Matter of Field Delivery Serv. [Roberts], supra at 522; Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, supra at 597). Florio, J.P., S. Miller, Crane and Cozier, JJ., concur.