■ In the Matter of CORONA REALTY HOLDINGS, LLC, Respondent, v TOWN OF NORTH HEMPSTEAD et al., Appellants. [820 NYS2d 102]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Town Board of the Town of North Hempstead, dated March 9, 2004, which accepted the recommendation of the Town of North Hempstead Historic Landmarks Preservation Commission and designated as a historic landmark the premises known as the Roslyn Country Club, the appeal is

from an order of the Supreme Court, Nassau County (McCarty III, J.), dated January 10, 2005, which granted the petition and annulled the determination.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The instant appeal arises out of the fifth application to confer landmark status on the property known as the Roslyn Country Club. In 1992 the Landmark Preservation Commission of the Town of North Hempstead (hereinafter the Commission) denied an application to designate both the clubhouse and the surrounding 10 acres as a landmark. A second application, which requested landmark status just for the clubhouse building itself, was the approved by the Commission and the Town Board of the Town of North Hempstead (hereinafter the Town Board) in 1993; however, that determination was subsequently annulled by this Court, on the ground that the procedures of the Town's landmark preservation ordinance had not been properly followed (*see Matter of Cynwyd Invs. v Town of N. Hempstead*, 215 AD2d 755 [1995]). In 1996 the Town Board denied another application to designate the clubhouse and the immediate 1.6 acres on which it stood as a landmark. In August 2000 the Town Board approved a new application to designate the entire 10-acre property as a landmark but the determination was subsequently annulled by this Court on the basis that the Town Board failed to indicate its reason for reaching a different result in 2000, although the essential facts had remained unchanged between 1996 and 2000 (*see Matter of L.S.O.F. CYNWYD v Town of N. Hempstead*, 298 AD2d 520 [2002]).

In 2003 yet another application was made for landmark status for the clubhouse and surrounding 10 acres and, on March 9, 2004, the Town Board accepted the Commission's recommendation to approve the application and designated the property as a landmark. Thereafter, the owner of the subject property commenced the instant proceeding pursuant to CPLR article 78 to annul the Town Board's determination. The Supreme Court granted the petition, finding that the Town Board had again failed to explain its reasons for arriving at a determination which was contrary to its 1996 determination denying landmark status.

"A landmark designation is an administrative determination . . . that must be upheld if it has . . . a reasonable basis in law, and is not arbitrary and capricious" (*see Matter of Teachers Ins. & Annuity Assn. of Am. v City of New York,* 82 NY2d 35, 41

[1993]; *Matter of L.S.O.F. CYNWYD v Town of N. Hempstead, supra; Matter of Canisius Coll. v City of Buffalo,* 217 AD2d 985, 985-986 [1995]). A determination of an administrative agency that neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious (*see Matter of Charles A. Field Delivery Serv. [Roberts],* 66 NY2d 516 [1985]; *Matter of Al Turi Landfill v New York State Dept. of Envtl. Conservation,* 289 AD2d 231 [2001], *affd* 98 NY2d 758 [2002]). An agency's failure to provide a valid and rational explanation for its departure from its prior precedent "mandates a reversal, even though there may be substantial evidence in the record to otherwise support the determination" (*Matter of Al Turi Landfill v New York State Dept. of Envtl. Conservation, supra* at 233; *see Matter of Charles A. Field Delivery Serv. [Roberts], supra* at 520).

In this case, the Town Board's determination in 2004 to designate the clubhouse and the surrounding 10 acres as a landmark was irrational because it was based upon the same facts which were presented to the Town Board in 1996 when the Town Board rejected landmark status for the property, and the Town Board failed to offer any explanation for its failure to follow the 1996 precedent (*see Matter of Charles A. Field Delivery Serv. [Roberts], supra*).

In light of this holding, we need not consider the parties' remaining contentions. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.