In the Matter of CAMPO GRANDCHILDREN TRUST, Appellant, v MARVIN L. COLSON et al., Respondents. [834 NYS2d 295]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven dated July 14, 2004, which, after a hearing, denied the petitioner's application for certain area variances and a subdivision approval, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), dated December 30, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the Zoning Board of Appeals of the Town of Brookhaven for the issuance of the requested subdivision approval and area variances.

While "[l]ocal zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (*Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]), a determination of a zoning board cannot be sustained if it lacks a rational basis and is arbitrary and capricious (*see Matter of Fuhst v Foley*, 45 NY2d 441, 444 [1978]; *Matter of Greenfield v Board of Appeals of Vil. of Massapequa Park*, 21 AD3d 556 [2005]; *Matter of Crystal Pond Homes v Prior*, 305 AD2d 595 [2003]). A determination of a zoning board of appeals that " 'neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious' " (*Knight v Amelkin*, 68 NY2d 975, 977 [1986], quoting *Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 517 [1985]; *see Matter of Corona Realty Holdings, LLC v Town of N. Hempstead*, 32 AD3d 393, 395 [2006]) and mandates reversal,

even if there may otherwise be evidence in the record sufficient to support the determination (*see Matter of Corona Realty Holdings, LLC v Town of N. Hempstead, supra*). Here, the Zoning Board of Appeals of the Town of Brookhaven (hereinafter the ZBA) failed to provide a rational explanation for reaching a different result, on substantially similar facts, than it did on a prior determination. Accordingly, we do not consider whether the evidence was otherwise sufficient to support the determination (*id.*).

The petitioner owns a 56,136 square foot parcel of land in Mt. Sinai, New York (hereinafter the parcel), located in the Town of Brookhaven. The parcel is situated in an "A-1" residential zone and is located between the Crystal Brook Estates subdivision (hereinafter Crystal Brook), which is also situated in an "A-1" residential zone, and the Valley Wood development (hereinafter Valley Wood), which is located in a "B-1" residential zone. After the development of Valley Wood, which involved the conveyance of land from the owner of Valley Wood to the petitioner that was added to, and concomitantly increased the size of the parcel, the petitioner sought area variances that, in effect, merely modified area variances that had been previously approved in connection with the parcel. The petitioner sought the variances in order to subdivide the parcel into three substandard nonconforming lots (hereinafter the proposed lots), and to develop the proposed lots by constructing a dwelling on each.

Hearings on the petitioner's application to subdivide the parcel and modify the area variances were held on March 24 and May 19, 2004. In its determination denying the petitioner's application, the ZBA acknowledged that on April 23, 1998 it had granted a similar application submitted by the petitioner's predecessor-in-interest Sala Development Corp. (hereinafter Sala) pertaining to the subject parcel. Notwithstanding the 1998 approval, however, the parcel was not developed in accordance with the variances due, in part, to roadway improvements required for access, and because the completion of the Valley Wood development was pending.

Nevertheless, the ZBA found that, since the 1998 variance approval, the map of the Valley Wood subdivision had been approved in accordance with specifications applicable to a "B" residential zone. Moreover, because the frontage for the proposed lots is on Savanna Circle, the roadway on which all of the Valley Wood lots are located, and, from a bird's eye view, the proposed lots appear to be part of the Valley Wood development, the ZBA characterized the three proposed lots as "out parcels" of the approved Valley Wood subdivision.

The ZBA, in finding number "SEVENTEEN," stated that "the three lot configuration as granted by the Board in 1998 were proposed and approved for construction on streets [sic], specifically Second Street and New York Avenue, that have since been abandoned as a condition of approval of the Map of Valley Woods [sic]. In light of changed circumstances, the Board is not bound to adhere to its prior grant as the application herein contains substantially different relief and changed circumstances than the prior application."

The Planning Board of the Town of Brookhaven (hereinafter the Planning Board) approved the development of Valley Wood on January 13, 2003. In its findings, the ZBA failed to acknowledge that the conditions imposed by the Town of Brookhaven Planning Department (hereinafter the Planning Department) for the approval of the Valley Wood map resulted in an increase in the required size of the subject lots. Thus, through no fault of the petitioner or its predecessor-in-title, the petitioner was thereby compelled to apply for the modification of the previously-issued variances.

On October 8, 2003 Paul G. Rogalle, a planner in the employ of the Planning Department, advised the ZBA that only a modification of the original variance was being sought and recommended to the ZBA that the "variance should be amended" because the approval of the Valley Wood map resulted in an "overall *improved lot design and access* for the three proposed lots" (emphasis added). Consequently, the ZBA's conclusion that the Valley Wood map constituted an adverse change of circumstances warranting a departure from the 1998 grant of Sala's variance application was not supported by the evidence in the record, and was irrational. In addition, the ZBA relied, in part, on its erroneous conclusion that the proposed lots and Valley Wood were both "controlled by the Campo Family," and that the proposed lots could and should have been included on the Valley Wood map. To the contrary, the petitioner had no ownership interest in Valley Wood, and came into ownership of the parcel only after the map of Valley Wood had been filed and approved. Accordingly, the record did not support the ZBA's conclusion that any hardship in developing the proposed lots in accordance with the existing zoning regulations was self-created.

Moreover, the ZBA's finding that "the character of the neighborhood and community [was] ever changing over time in light of development" was irrational. The ZBA stated that there had been substantial development in the area since 1998, explaining that it had "considered and evaluated the 1998 application in light of the then existing surrounding neighbor-

hood. The record indicates that several conditions have changed since 1998, specifically approval and development of two major subdivisions within 200 feet of the subject. The Board must consider the approved and developed subdivisions when evaluating the present three lot land division. That the pattern since the 1998 hearing has been to develop single-family dwellings on much larger lots." The ZBA's reliance on what it characterized as subsequent development was, however, arbitrary and capricious. The map of Crystal Brook, located to the west of the parcel, was approved by the Planning Department on August 7, 1996 and filed in the office of the County Clerk of the County of Suffolk on August 19, 1996, almost two years before the grant of the original variance in connection with the parcel. Contrary to the ZBA's conclusion, the development of Crystal Brook did not constitute a subsequent material change of circumstances. Accordingly, the fact that the lots in Crystal Brook were larger than the proposed lots is irrelevant.

Although the map of Valley Wood is dated May 3, 2002, which was after the original variance was granted, the map was approved prior to Rogalle's letter. While Rogalle's opinion did not bind the ZBA, its determination denying the application failed to contradict Rogalle's conclusion that the parcel had improved lot design and access as a result of the development of Valley Wood. The ZBA failed to articulate a basis for not following Rogalle's recommendation that the petitioner's application for area variances, which essentially sought a modification of the previously-approved variances, should be granted.

As noted above, and contrary to the ZBA's conclusion, those lots in Valley Wood that are within a 200-foot radius of the parcel were not substantially larger than the proposed lots. The petitioner's application seeks to create one lot of 21,554 square feet, and two lots of 17,291 square feet each. The eight numbered lots in Valley Wood that are within a 200-foot radius of the parcel are substantially the same size as the proposed lots, ranging from 17,186 square feet to 21,323 square feet. The ZBA's erroneous conclusion in this regard cannot provide a rational basis for its determination not to adhere to its original determination.

Accordingly, we reverse. The petitioner established that the ZBA lacked a rational basis for reaching a different conclusion in 2004 on substantially the same facts that were before it in 1998. Therefore, the ZBA's determination was arbitrary and capricious, and the Supreme Court should have annulled the determination and remitted the matter to the ZBA to approve the variances and subdivision application (*see Matter of Aliperti v*

*Trotta*, 35 AD3d 854 [2006]; *Matter of Corona Realty Holdings, LLC v Town of N. Hempstead, supra; Matter of Civic Assn. of Setaukets v Trotta*, 8 AD3d 482, 483 [2004]; *see also Matter of Beyond Bldrs. Inc. v Pigott*, 20 AD3d 474, 475 [2005]; *cf. Matter of Berk v McMahon*, 29 AD3d 902, 903 [2006]; *Matter of Cullen v Scheyer*, 265 AD2d 410, 410-411 [1999]). Schmidt, J.P., Crane, Skelos and Fisher, JJ., concur.