In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Carmel Zoning Board of Appeals dated March 23, 2007, which, after a hearing, denied the petitioners’ application for an area variance, the appeal is from a judgment of the Supreme Court, Putnam County (O’Rourke, J.), dated July 24, 2007, which granted the petition, annulled the determination, and directed that the variance and all necessary permits to construct a single-family dwelling on the premises be granted.
Ordered that the judgment is affirmed, with costs.
While local zoning boards have broad discretion in considering variance applications, a determination cannot be sustained if it lacks a rational basis and is arbitrary and capricious (see Matter of Fuhst v Foley, 45 NY2d 441, 444 [1978]). The decision of “an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious” (Knight v Amelkin, 68 NY2d 975, 977 [1986] [citation and internal quotation marks omitted]). Here, the Town of Carmel Zoning Board of Appeals (hereinafter the Board) found, on three prior occasions, that the variance the petitioners sought would *666 not produce an undesirable change in the character of the neighborhood or a significant detriment to nearby properties, that the benefit sought could not be achieved by other methods, that the variance sought was not substantial, and that the variance, if granted, would not have an adverse effect or impact on the neighborhood. The Board’s subsequent decision to deny the petitioners’ application on essentially the same facts without explanation was arbitrary and capricious, and lacked a rational basis (see Town Law § 267-b [3]; Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 517 [1985]; Matter of Campo Grandchildren Trust v Colson, 39 AD3d 746 [2007]; Matter of Aliperti v Trotta, 35 AD3d 854 [2006]; Matter of Corona Realty Holdings, LLC v Town of N. Hempstead, 32 AD3d 393, 395 [2006]).
Accordingly, the Supreme Court properly granted the petition, annulled the determination, and directed that the variance and all necessary permits to construct a single-family dwelling on the premises be granted. Rivera, J.P., Lifson, Eng and Chambers, JJ., concur.