In the Matter of NORA LUCAS et al., Respondents, v BOARD OF APPEALS OF VILLAGE OF MAMARONECK et al., Appellants. [870 NYS2d 78]—

On February 1, 2006 Benmar Properties, LLC (hereinafter Benmar), purchased real property located in a residential zoning district within the Village of Mamaroneck, Westchester County. The property included a single-family residence. In February 2006 Benmar applied for a building permit and a subdivision of the property in order to build a second single-family residence. The Village building inspector denied that application because the proposed second lot did not comply with lot-depth requirements of the zoning district. Benmar then applied for an area variance in connection with the proposed subdivision. On May 9, 2006, after a public hearing, the Board of Appeals of Village of Mamaroneck (hereinafter the BOA) granted the application for the area variance. On or about June 9, 2006 the petitioners commenced the instant CPLR article 78 proceeding to review the BOA's determination, on the ground that it was arbitrary and capricious as the BOA failed to properly distinguish Benmar's application from a virtually identical application that was denied by the BOA in 1991. On August 30, 2006 Benmar was granted a building permit to build the new single-family residence on the new lot on the property. In an order and judgment (one paper) entered January 10, 2007 the Supreme Court, inter alia, granted the petition and annulled the BOA's determination (*see Matter of Lucas v Board of Appeals of Vil. of Mamaroneck*, 14 Misc 3d 1214[A], 2007 NY Slip Op 50032[U] [2007]).

" 'A decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reasons for reaching a different result on essentially the same facts is arbitrary and capricious' " (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93 [2001], quoting *Knight v Amelkin*, 68 NY2d 975, 977 [1986]; *see also Matter of Campo Grandchildren Trust v Colson*, 39 AD3d 746 [2007]), and mandates reversal, even if there may otherwise be evidence in the record sufficient to support the determination (*see Matter of Campo Grandchildren Trust v Colson*, 39 AD3d at 747; *Matter of Corona Realty Holdings, LLC v Town of N. Hempstead*, 32 AD3d 393, 395 [2006]). Thus, where, as here, a zoning board is faced with an application that is substantially similar to a prior application that had been previously determined, the zoning board is required to provide a rational explanation for reaching a different result (*see Matter of Campo Grandchildren Trust v Colson*, 39 AD3d at 747; *Matter of Mobil*

*Oil Corp. v Village of Mamaroneck Bd. of Appeals,* 293 AD2d 679, 681 [2002]). The Supreme Court properly determined that the reasons cited by the BOA to differentiate the instant application from the application denied in 1991 did not support a determination that there was a material change in circumstances sufficient to justify the different result. As a result, the Supreme Court properly held that the BOA's determination should be annulled as arbitrary and capricious for its failure to follow its 1991 precedent.

Contrary to Benmar's further contention, the Supreme Court did not err in declining to dismiss this proceeding on the ground that it has been rendered academic. As the petitioners correctly contend, the proceeding has not been rendered academic despite the apparent substantial completion of the project (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.,* 2 NY3d 727, 729 [2004]). Under the circumstances, the petitioners acted promptly in commencing the instant proceeding and Benmar was put on notice that if it proceeded with construction, it would do so at its own risk (*cf. Matter of Silvera v Town of Amenia Zoning Bd. of Appeals,* 33 AD3d 706, 708 [2006]; *Matter of E & J Sylcox Realty, Inc. v Town of Newburgh Planning Bd.,* 12 AD3d 445, 446 [2004]).

Cross motion by Benmar Properties, LLC, on appeals from (1) an order and judgment (one paper) of the Supreme Court, Westchester County, entered January 10, 2007, and (2) an order of the same court entered April 17, 2007, inter alia, to dismiss the appeals on the ground that the appeals and the underlying proceedings have been rendered academic. By decision and order on motion of this Court dated January 8, 2008 [2008 NY Slip Op 60458(U)], that branch of the cross motion which was to dismiss the appeals on the ground that the appeals and the underlying proceedings have been rendered academic was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the cross motion, the papers filed in opposition or relation thereto, and upon the argument of the appeals, it is

Ordered that the branch of the cross motion which was to dismiss the appeals is denied. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.