■ In the Matter of DREW E. OLSON et al., Appellants, v RICHARD I. SCHEYER et al., Respondents. [889 NYS2d 245]—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip, dated November 13, 2007, which, after a hearing, denied the petitioners' application for a variance to construct a wall on their property line, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Whelan, J.), dated May 14, 2008, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"A local zoning board has broad discretion in considering variance applications, and judicial review is limited to ascertaining whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of London v Zoning Bd. of Appeals of Town of Huntington*, 49 AD3d 739, 740 [2008]; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). Thus, the determination of a zoning board should be sustained if it has a rational basis and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384

[1995]). "A decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reasons for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93 [2001] [internal quotation marks omitted]; *see Matter of Lucas v Board of Appeals of Vil. of Mamaroneck*, 57 AD3d 784, 785 [2008]). Thus, where, as here, a zoning board is faced with an application that is substantially similar to a prior application that had been previously determined, the zoning board is required to provide a rational explanation for reaching a different result (*see generally Matter of Campo Grandchildren Trust v Colson*, 39 AD3d 746, 747 [2007]; *Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals*, 293 AD2d 679, 681 [2002]). Here, the Zoning Board of Appeals of the Town of Islip (hereinafter the ZBA) provided a rational explanation for reaching a different result, on substantially similar facts, from that reached on a prior determination.

Moreover, the petitioners' contention that their application should have been granted because the ZBA had granted similar applications is not properly before this Court (*see Matter of Levine v New York State Liq. Auth.*, 23 NY2d 863, 864 [1969]; *Matter of Montalbano v Silva*, 204 AD2d 457, 458 [1994]).

Upon our review of the record, we find that the ZBA's interpretation of the language in the subject zoning ordinance was reasonable, and its determination denying the petitioners' application had a rational basis and was neither arbitrary nor capricious (*see Matter of 151 Rte. 17M Assoc., LLC v Zoning Bd. of Appeals of Vil. of Harriman*, 19 AD3d 422, 424 [2005]). Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.