Jeff ALFANO and Kelley Hicks–Alfano, Plaintiffs,

v.

VILLAGE OF FARMINGDALE; George J. Graf, Individually and in his capacity as Mayor; the Farmingdale Village Board; Patricia A. Christiansen, Thomas A. Langon, and George Starkie, Individually and in their Capacities as Trustees of the Village of Farmingdale; Kevin Walsh, Esq., Individually and in his capacity as Village Attorney; Zoning Board of Appeals of the Village of Farmingdale; Joseph Schweitzer, individually and in his capacity as Chairman of the Zoning Board of Appeals; David Nostrad, Individually and in his Capacity as Member of the Zoning Board of Appeals; Nicholas Varlotta, Individually and in his Capacity as Member of the Zoning Board of Appeals; Lisa Waszkiewics, Individually and in his Capacity as Member of the Zoning Board of Appeals; Kenneth Amisa, Individually and in his Capacity as Member of the Zoning Board of Appeals; and Claudio DeBellis, Individually and in his Capacity as Counsel to the Zoning Board of Appeals; John and Jane Doe 1–10, Individually and in their Capacities as Employees, Agents and/or Assigns of the Village of Farmingdale, Defendants.

No. 09–cv–1996 (ADS)(ARL).

United States District Court, E.D. New York.

March 12, 2010.

The Coalition of Landlords, Home-owners & Merchants, Inc., by Judith N. Berger, Esq., of Counsel, Babylon, NY, Formerly the attorneys for the plaintiffs on this motion; plaintiffs now appear pro se.

Walsh, Markus, McDougal & DeBellis LLP, by Paul R. McDougal, Esq., of Counsel, Claudio De Bellis, Esq., appearing pro se, Garden City, NY, for the defendant Claudio DeBellis.

Morris Duffy Alonso & Faley, LLP, by Carl S. Sandel, Esq., of Counsel, New York, NY, for all defendants except Claudio DeBellis.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case arises from a building moratorium and change in zoning laws enacted by defendant Incorporated Village of Farmingdale ("Farmingdale") limiting the rights of landowners to subdivide residential property and construct additional homes. The plaintiffs Jeff Alfano and Kelley Hicks–Alfano are Farmingdale residents who were allegedly affected by these changes, and who brought suit seeking monetary damages. The plaintiffs have named numerous defendants in their suit, one of whom is the Farmingdale Zoning Board of Appeals (the "Farmingdale Zoning Appeals Board" or the "Board"), who rejected a request by the plaintiffs for a variance from Farmingdale's zoning laws. The plaintiffs also have named as a defendant the legal counsel to the Farmingdale Zoning Appeals Board, Claudio DeBellis. Presently before the Court is a motion by DeBellis to dismiss the plaintiff's complaint against him in its entirety. Finding that DeBellis is immune from suit, the Court grants this motion for the reasons stated below.

## I. BACKGROUND

The following facts are taken from the plaintiff's complaint, and as required, the Court takes them as true for the purposes of this motion.

In 2006, plaintiffs Jeff Alfano and Kelly Hicks–Alfano owned a home at 89 Hallock Street, Farmingdale, New York. Seeking to subdivide this property and build a second home, the plaintiffs petitioned the Farmingdale Building Department for the appropriate permits on June 1, 2006. However, on June 5, 2006, before any permits issued, the Farmingdale Village Board of Trustees enacted a moratorium that prohibited the plaintiffs from building a second home. At some time thereafter, Farmingdale also amended its zoning laws in a way that prohibited the plaintiffs from subdividing their property. The plaintiffs petitioned the Farmingdale Zoning Appeals Board for a variance from the new zoning laws, but the board denied their request on September 21, 2007. The plaintiffs do not allege the nature of the new zoning laws or whether the moratorium remains in place, and, in the present suit, seek only money damages.

On November 28, 2007, the plaintiffs served a notice of claim on the defendants based on these facts, and on December 16, 2008, they filed a summons with notice in the New York State Supreme Court, Suffolk County. On April 20, 2008, the plaintiffs served the defendants with this summons and notice, and on May 11, 2009, all the defendants except for DeBellis removed the action to federal court. No objection was made to this removal. On July 23, 2009, the plaintiffs served an amended complaint, and on August 17,

2009, DeBellis filed the present motion to dismiss.

In their amended complaint, the plaintiffs assert causes of action pursuant to 42 U.S.C. §§ 1983 and 1985(3), as well as for negligence and intentional infliction of emotional distress. According to the plaintiffs, the defendants violated their constitutional rights pursuant to Article I § 10 cl. 1 (specifically, the bill of attainder and ex post facto clauses), the Fifth Amendment, and the Fourteenth Amendment, by prohibiting them from subdividing their property and building a second home. For this they seek damages pursuant to Section 1983. The plaintiffs also assert that the defendants' acts were part of a conspiracy to deprive them of their civil rights, in violation of Section 1985(3). In addition, the plaintiffs allege that the defendants negligently or intentionally inflicted emotional distress upon them, and that a number of the defendants—not including DeBellis—negligently supervised Farmingdale employees.

Specifically with regard to DeBellis, the plaintiffs allege minimal facts. The plaintiffs assert only that DeBellis was counsel to the Farmingdale Zoning Appeals Board, and that "on information and belief," the board rejected their petition because DeBellis counseled them to do so. No other facts are alleged with respect to DeBellis.

## II. DISCUSSION

DeBellis has moved to dismiss the claims against him on the basis that he is immune from suit for acts taken in his role as legal counsel to the Farmingdale Zoning Appeals Board. The plaintiffs dispute this contention.

■■■ In New York State, zoning boards of appeal and their members are immune from suit for actions taken in their quasi-judicial capacity. *See Hi Pockets, Inc. v. Music Conservatory of Westchester, Inc.*, 192 F.Supp.2d 143, 157 (S.D.N.Y. 2002); *Allan and Allan Arts Ltd. v. Rosenblum*, 201 A.D.2d 136, 140–41, 615 N.Y.S.2d 410 (2d Dep't 1994); *Moundroukas v. Foley*, 99 A.D.2d 784, 472 N.Y.S.2d 32 (2d Dep't 1984). In general, "a zoning board of appeals performs a quasi-judicial function when considering applications for variances and special exceptions." *Allan and Allan Arts*, 201 A.D.2d at 141, 615 N.Y.S.2d 410 (quoting *Knight v. Amelkin*, 68 N.Y.2d 975, 977, 510 N.Y.S.2d 550, 503 N.E.2d 106 (1986)). Thus, a zoning board of appeals considering an application for a variance is entitled to immunity. *Id.*

The Court is unaware of a court that has explicitly extended a zoning appeals board's immunity to its legal advisors. However, the Second Circuit has held that the legal advisors to state and federal judges are entitled to judicial immunity. *See Gollomp v. Spitzer*, 568 F.3d 355, 365 (2d Cir.2009) (holding that a judge's law secretary is entitled to judicial immunity); *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988) (extending judicial immunity to a law clerk for a federal judge). The rationale for this protection is that advisors to judicial decision makers serve essentially as extensions of the decision makers. *Id.*

■■■ Here, the Farmingdale Zoning Appeals Board considered and denied the plaintiffs' petition for a variance, and in doing so performed a quasi-judicial function. Therefore, the Board and its members are entitled to immunity from any suit that arises out of these acts. *Allan and Allan Arts*, 201 A.D.2d at 141, 615 N.Y.S.2d 410. As a non-member of the Farmingdale Zoning Appeals Board, De-Bellis does not directly benefit from this immunity. Nevertheless, in the Court's view, it is appropriate to extend the Board's immunity to DeBellis, who provided it with legal advice with regard to the plaintiffs' petition. The Court finds that his position is sufficiently analogous to that

of a legal secretary or law clerk, and therefore, he should enjoy the same immunity afforded to the quasi-judicial principal he advises. The Court is also moved by the fact that exposing DeBellis to liability while protecting the zoning appeals board would isolate the Board from important, proper legal advice. That is, an attorney advising a zoning appeals board could be chilled in giving advice if he feared civil liability because he recommended the rejection of a variance petition. In the Court's view, granting immunity here to DeBellis is thus consistent with the doctrine of immunity as expressed by New York State and this Circuit. Therefore, the Court finds that DeBellis is immune from suit for his role in advising the Farmingdale Zoning Appeals Board with respect to their denial of the plaintiffs' petition.

■ Moreover, to the extent DeBellis is not entitled to judicial immunity, there are separate grounds for dismissal of the claims against him. The Court finds Judge McMahon's decision in *Hi Pockets*, 192 F.Supp.2d at 157, to be instructive in this regard. Just as here, the plaintiff in *Hi Pockets* applied for a variance from a zoning appeals board, and the board denied the petition. *Id.* The plaintiff then sued the zoning board's legal advisor, alleging that the defendant attorney had wrongfully advised the board not to grant its application. *Id.* Judge McMahon found that the only claim that these facts could support was for professional negligence, and that this claim required privity of contract between the plaintiff and the defendant attorney. *Id.* Finding that the plaintiff had no privity with the zoning appeals board's counsel, the court dismissed all claims against the defendant lawyer. *Id.*

The Court finds *Hi Pockets* to be on point and persuasive. Here, similar to the situation in *Hi Pockets*, the plaintiffs premise liability against DeBellis on the single act of providing allegedly incorrect and harmful legal advice to the Farmingdale Zoning Appeals Board. The Court agrees with Judge McMahon that the only claim this fact could support would be for professional negligence. As in *Hi Pockets*, the plaintiffs here had no privity of contract with DeBellis, and this bars a professional negligence claim. Thus, even if DeBellis was not entitled to immunity, the claims asserted against him cannot survive.

Therefore, for the reasons enunciated in this decision, the plaintiffs' claims against DeBellis are dismissed.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the motion to dismiss the complaint by defendant DeBellis is granted in its entirety; and it is further

**ORDERED** that all claims against the defendant DeBellis are dismissed; **and it is further**

**ORDERED** that the caption for this case is amended to read as follows:

JEFF ALFANO AND KELLEY HICKS-ALFANO, Plaintiffs,

-against-

VILLAGE OF FARMINGDALE; GEORGE J. GRAF, Individually and in his capacity as Mayor; the FARMINGDALE VILLAGE BOARD; PATRICIA A. CHRISTIANSEN, THOMAS A. LANGON, and GEORGE STARKIE, Individually and in their Capacities as Trustees of the Village of Farmingdale; KEVIN WALSH, ESQ., Individually and in his capacity as Village Attorney; ZONING BOARD OF APPEALS OF THE VILLAGE OF FARMINGDALE; JOSEPH SCHWEITZER, individually and in his capacity as Chairman of the ZONING BOARD OF APPEALS; DAVID NOSTRAD, Individually and in his Capacity as Member of the ZONING BOARD OF AP-

PEALS; NICHOLAS VARLOTTA, Individually and in his Capacity as Member of the ZONING BOARD OF APPEALS; LISA WASZKIEWICS, Individually and in his Capacity as Member of the ZONING BOARD OF APPEALS; KENNETH AMISA, Individually and in his Capacity as Member of the ZONING BOARD OF APPEALS; JOHN and JANE DOE 1–10, Individually and in their Capacities as Employees, Agents and/or Assigns of the Village of Farmingdale, Defendants.

SO ORDERED.