█ In the Matter of ALEX BOUT et al., Petitioners, v ZONING BOARD OF APPEALS OF TOWN OF OYSTER BAY, Respondent. [897 NYS2d 205]—

Proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Oyster Bay dated May 8, 2008, which, after a hearing, denied the application of the petitioner Alex Bout for an amended area variance.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the Zoning Board of Appeals of the Town of Oyster Bay is directed to issue the requested amended area variance.

The Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g) since the determination to be reviewed was not made after a quasi-judicial hearing at which evidence was taken and which was held pursuant to direction of law (*see* CPLR 7803 [4]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 769-770 [2005]). Nevertheless, in the interest of judicial economy, we will decide the case on the merits (*see Matter of Silvera v Town of Amenia Zoning Bd. of Appeals*, 33 AD3d 706, 707-708 [2006]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 772-773).

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (*Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). Nonetheless, a determination of a zoning board of appeals that " 'neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious' " (*Knight v Amelkin*, 68 NY2d 975, 977 [1986], quoting *Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 517 [1985]; *see Matter of Corona Realty Holdings, LLC v Town of N. Hempstead*, 32 AD3d 393, 395 [2006]). Such a determination must be annulled even if there may otherwise be evidence in the record sufficient to support the determination (*see Matter of Campo Grandchildren Trust v Colson*, 39 AD3d 746, 746-747 [2007]; *Matter of Corona Realty Holdings, LLC v Town of N. Hempstead*, 32 AD3d at 395).

Here, by a vote of six to zero, with one member absent, the Zoning Board of Appeals of the Town of Oyster Bay (hereinafter the ZBA) granted the initial application of the petitioner Alex Bout for an area variance in connection with a proposed addition to the petitioners' home. After a Town building inspector noticed cut-outs for windows on the west side of the addition, which were not in accordance with the notice of variance, he issued a stop work order. The Town issued a corrected notice of variance providing that only windows on the *second* floor of the addition were prohibited.

However, while the stop work order was in effect, neighboring landowners complained to the ZBA, alleging that the footprint of the addition was larger than permitted by the variance, and that the side yard was narrower than permitted by the variance. The ZBA then held a hearing on the matter and, by a vote of four to three, denied an application for an amended area variance, holding that the application contained a request to maintain a side yard at a width 16 inches less than it had previously approved, and that the footprint of the addition was "larger" than it had previously approved.

However, there was no basis in the record for the ZBA's conclusion that the application sought permission to maintain a side yard 16 inches narrower than previously approved. Even if the neighboring landowners' uncertified survey were correct, the application requested, at most, an amended variance permitting the petitioners to maintain the side yard at a width only 3.6 inches less than the previously approved side yard requirement, i.e., 7.7 feet rather than the previously approved eight feet, and to increase the overall footprint of the addition a mere 8%, i.e., six inches larger than planned on one side and approximately 18 inches larger on the other side. As a basis for rejecting the application, the ZBA additionally referred to the windows that were being installed on the second floor of the addition, which the petitioners stated that they would remove.

Under the facts of this case, the requested amendments to the variance are de minimis (*see Matter of Stapen v Siegel*, 105 AD2d 841 [1984]). Since the ZBA did not explain its reasons for reaching a different result on essentially the same facts as it had faced when making its prior decision, under the specific circumstances of this matter, its determination to deny the application for an amended variance was arbitrary and capricious, and must be annulled. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.