09-3654-cv
Corona Realty Holding, LLC v. Town of North Hempstead

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 25th day of June, two thousand and ten.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                    *Circuit Judges*.

_____

Corona Realty Holding, LLC,

                              *Plaintiff-Appellant*,


        -v-                                              (09-3654-cv )

Town of North Hempstead, Jon Kaiman, Thomas Dwyer, Anthony D'Urso, Wayne Wink, Jr.,
Robert Troiano, Jr., The Civic Association at Roslyn Country Club, Inc., James Brandt, Burton
Roslyn, Roslyn Consultants, LLC, Sy Buckner, Robert Rothstein and Andrew Rothstein,

                              *Defendants-Appellees*.

_____

Appearing for Appellants:          Sanford F. Young, Law Offices of Sanford
                                   F. Young, P.C., New York, N.Y.;
                                   Jaroslawicz & Jaros, LLC, New York, N.Y.

Appearing for Appellees:           Andrew Zajac, Fiedelman & McGaw,
                                   Jericho, N.Y.

Tracy M. Peterson, Braverman & Associates, P.C., New York, N.Y.
Raymond T. Mellon, Zetlin & De Chiara LLP, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Corona Realty Holding, LLC ("Corona") filed a complaint in the Eastern District of New York on December 11, 2008 alleging federal claims under 42 U.S.C. § 1983 and supplemental state law claims. Corona alleged an unjust taking, and violations of its equal protection and due process rights. These claims arose out of Corona's property receiving a landmark designation from the Town of North Hempstead ("Town"). Judge Seybert granted defendants' motion to dismiss, and judgment was entered on August 26, 2009. Corona now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Corona bought a ten-acre property called the Roslyn Country Club ("Club") in 2002. In 2003, an application was filed to designate the exterior of the structure a historic landmark. The Town held two landmark hearings, spanning many months, at which Corona was represented through a stockholder and counsel. Over Corona's objections, the Town granted the landmark designation. The designation was, however, reversed by the state court. *Corona Realty Holdings, LLC v. Town of North Hempstead*, 820 N.Y.S.2d 102 (N.Y. App. Div. 2006).

Corona alleges that the landmark designation caused the "value of the plaintiffs's property to be diminished, loss of income, the plaintiff to incur substantial legal fees; and to be otherwise damaged; and was all done to benefit the homeowners and the Town of North Hempstead and not for any legitimate reason."

To survive a motion to dismiss, the pleading must contain a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This need not include detailed factual allegations, but must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We review a motion to dismiss under Rule 12(b)(6) *de novo*, accepting all factual statements as true. *Scutti Enters. v. Park Place Entm't Corp.*, 322 F.3d 211, 214 (2d Cir. 2003). However, "mere conclusory statements" are insufficient. *Iqbal*, 129 S.Ct. at 1949.

The district court found that Corona failed to state any claims on which relief could be granted and we agree.

**Statute of Limitations:**

There is a three-year statute of limitations for actions brought under Section 1983 that arise in New York. *See Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004). The last action by defendants giving rise to Corona's claim occurred in 2004 when the Landmark Preservation Committee designated the property as a landmark. The complaint was not filed until December 11, 2008, over four years later.

Corona argues that the continuing violation doctrine applies because defendants' wrongful conduct continued through August 1, 2006 when the New York state court struck down the landmark designation. The "continuing violation doctrine" is an "exception to the normal knew-or-should-have-known accrual date" if there is "evidence of an ongoing discriminatory policy or practice." *Harris v. City of New York*, 186 F.3d 243, 248 (2d Cir. 1999) (internal quotations omitted). Discrete incidents of discrimination that are not part of a discriminatory policy or practice, however, cannot be continuing violations. *Washington*, 373 F.3d at 318.

Here, the alleged discrimination was a discrete act that occurred in 2004; the subsequent state court proceedings were not part of a policy or practice of discrimination by defendants. Therefore, we agree with the district court that Corona's Section 1983 claims are time-barred.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk