In a proceeding pursuant to CFLR article 78 to review determinations of the Zoning Board of Appeals of the Incorporated Village of East Hampton and the Design Review Board of the Incorporated Village of East Hampton dated April 8, 2011 and April 20, 2011, respectively, imposing conditions upon the issuance of a special use permit, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Tanenbaum, J.), dated October 5, 2011, which granted the petition, annulled the challenged conditions imposed upon the issuance of the special use permit, and granted the petitioners’ motion to preliminarily enjoin the Zoning Board of Appeals of the Incorporated Village of East Hampton and the Design Review Board of the Incorporated Village of East Hampton from enforcing those conditions.
*739 Ordered that the order and judgment is modified, on the law, by deleting the provision thereof granting the petitioners’ motion to preliminarily enjoin the Zoning Board of Appeals of the Incorporated Village of East Hampton and the Design Review Board of the Incorporated Village of East Hampton from enforcing conditions they imposed on the issuance of a special use permit to the petitioners, and substituting therefor a provision denying the motion as academic; as so modified, the order and judgment is affirmed, without costs or disbursements.
In a judgment dated December 9, 2010, the Supreme Court, Suffolk County, directed the Zoning Board of Appeals of the Incorporated Village of East Hampton and the Design Review Board of the Incorporated Village of East Hampton (hereinafter together the Boards) to grant the petitioners’ application for a special use permit allowing them to offer outdoor dining subject to conditions consistent with those imposed upon the owner of the 1770 House, an inn and restaurant which is similarly situated to and located in the same zoning district as the petitioners’ inn and restaurant, and whose application for the same special use permit had been granted by the Boards. Thereafter, in resolutions which expressly acknowledged the existence of the judgment dated December 9, 2010, the Boards granted the special use permit to the petitioners, but imposed additional, more onerous conditions then had been imposed upon the owner of the 1770 House. In a related appeal this Court, among other things, is affirming the above-mentioned portion of the judgment dated December 9, 2010 (see Matter of c/o Hamptons, LLC v Rickenbach, 98 AD3d 736 [2012] [decided herewith]).
The petitioners commenced this proceeding pursuant to CPLR article 78, seeking, inter alia, to review the determinations making the resolutions imposing those additional conditions. The Supreme Court granted the petition, and the Boards appeal.
“ ‘A decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reasons for reaching a different result on essentially the same facts is arbitrary and capricious’ (Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 93 [2001], quoting Knight v Amelkin, 68 NY2d 975, 977 [1986]; see also Matter of Campo Grandchildren Trust v Colson, 39 AD3d 746 [2007]), and mandates reversal, even if there may otherwise be evidence in the record sufficient to support the determination (see Matter of Campo Grandchildren Trust v Colson, 39 AD3d at 747; Matter of Corona Realty Holdings, LLC v Town of N. Hempstead, 32 AD3d 393, 395 [2006]). Thus, where, as here, a zoning board is [considering] an application that is substan *740 tially similar to a prior application that had been previously determined, the zoning board is required to provide a rational explanation for reaching a different result (see Matter of Campo Grandchildren Trust v Colson, 39 AD3d at 747; Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals, 293 AD2d 679, 681 [2002])” (Matter of Lucas v Board of Appeals of Vil. of Mamaroneck, 57 AD3d 784, 785-786 [2008] [some internal quotation marks omitted]). Where it is shown that a zoning board has reached contrary results on essentially the same facts, an explanation, or alternatively, a conforming determination, is required (see Knight v Amelkin, 68 NY2d 975, 978 [1986]).
Since the Boards’ determinations failed to set forth a factual basis for the imposition of the conditions on the special permit issued to the petitioners that were not imposed on the owner of the 1770 House, those determinations were arbitrary and capricious (see Matter of Bout v Zoning Bd. of Appeals of Town of Oyster Bay, 71 AD3d 1014, 1015 [2010]), and must be annulled.
“The purpose of a preliminary injunction is to preserve the status quo until a decision is reached on the merits” (306 Rutledge, LLC v City of New York, 90 AD3d 1026, 1028 [2011], quoting Icy Splash Food & Beverage, Inc. v Henckel, 14 AD3d 595, 596 [2005]). Inasmuch as the Supreme Court rendered a determination on the merits of the proceeding simultaneously with its disposition of the petitioners’ motion to preliminarily enjoin the Boards from enforcing those determinations, there was no need to issue a preliminary injunction. Accordingly, the motion should have been denied as academic.
The parties’ remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.